# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-975V
(to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEFFREY BRADEN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 18, 2020 |
| v. | * | |
| | * | Attorney's Fees and Costs; |
| SECRETARY OF HEALTH | * | Non-Admitted Attorney; |
| AND HUMAN SERVICES, | * | Expert Fees. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*David Zevan*, Zevan Davidson Roman, LLC, St. Louis, MO, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 20, 2017, Jeffrey Braden filed a Petition under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that the influenza vaccine he received on September 22, 2014, caused him to suffer a small fiber polyneuropathy. Pet. at 1 (ECF No. 1). On November 12, 2019, the parties entered into settlement negotiations, and on March 27, 2020, I adopted the parties' stipulation as my decision awarding damages in the matter. Decision, dated Mar. 27, 2020 (ECF No. 40).

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner initially filed an application for a final award of attorney's fees and costs on June 2, 2020 (ECF No. 45), and Respondent reacted to the fees request on June 12, 2020 (ECF No. 47) ("Response"). Respondent indicated that he was satisfied that the statutory requirements for an attorney's fees and costs award had been met in this case, and otherwise deferred to my discretion the calculation of a proper amount to be awarded. Response at 2–3.

On October 29, 2020, Petitioner submitted an amended fees application, to address errors in his initial request and to provide substantiating documentation for his requested costs. *See* Amended Motion for Attorney's Fees and Costs Award, filed Oct. 29, 2020 (ECF No. 49) ("Fees App."). Petitioner now requests a final award of fees and costs in the amount of $43,670.05 for the work of four attorneys (Mr. David Zevan, Esq.; Ms. Anna Haber, Esq.; Ms. Rachel Roman, Esq.; and Mr. Rick Voytas, Esq.) as well as the supportive work of one paralegal. *See* Fees App.; Affidavit, filed as Ex. 1 on June 2, 2020 (ECF No. 45-1); Attorney and Paralegal Timesheet, filed as Ex. 2 on June 2, 2020 (ECF No 45-2). The costs requested—a total amount of $16,427.35—include medical record retrieval, expert fees, and mailing expenses. Amended Costs Invoice, filed as Ex. 3 on Oct. 29, 2020 (ECF No. 49-1). Respondent did not file a response to the amended fees and costs application.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$34,999.95**.

## ANALYSIS

### I. Reasonable Attorney's Fees

Under the Vaccine Act, successful petitioners are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the calculation of the award to be made.

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine

2

Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The lawyers in question practice in the St. Louis, Missouri region. Petitioner requests the following rates for these attorneys and their support staff, based on the years work was performed:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|
| **David Zevan, Esq.** | - | - | $370 | - | - | $400 |
| **Anna Haber, Esq.** | - | $370 | $370 | $370 | $400 | $400 |
| **Rachel Roman, Esq.** | $370 | - | - | - | - | - |
| **Rick Voytas, Esq.** | - | $370 | - | - | - | - |
| **Amber Darr (paralegal)** | $135 | $135 | $135 | $135 | $141 | $141 |

Fees App. at 2; Ex. 2.

Attorneys practicing in St. Louis have previously been awarded forum rates. *See, e.g.*, *Russell v. Sec'y of Health & Hum. Servs.*, No. 17-161V, 2018 WL 3989530 (Fed. Cl. Spec. Mstr. Apr. 10, 2018). Thus, the Zevan Davidson Roman, LLC attorneys are similarly entitled to be compensated at forum rates. The requested rates, however, require some adjustment as outlined below.

   A.  *Hourly Rates for Mr. Zevan*

Mr. David Zevan has approximately twenty-nine years of legal experience and is a managing partner of Zevan Davidson Roman, LLC. Affidavit at 1. He was admitted to practice in the United States Court of Federal Claims ("USCFC") in 2016. Between 2015 and 2020, Mr. Zevan performed only one hour of work in the matter. *See* Ex. 2. The rates requested for work performed by Mr. Zevan are consistent with the fees schedule established by *McCulloch* as well as an attorney with his level of overall experience, and I therefore find they are appropriate for compensation in this matter without reduction.

B. *Hourly Rates for Ms. Haber*

Ms. Anna Haber has approximately fifteen years of legal experience, and has spent much of her career representing plaintiffs in personal injury and medical malpractice cases. Affidavit at 2. Ms. Haber was admitted to practice in the Court of Federal Claims in 2017. She has also participated in special programs focused on Vaccine Program litigation, and is a member of the American Association for Justice Vaccine Litigation Group. Affidavit at 2. While the overall time expended by Ms. Haber in this matter (52.3 hours) is reasonable, the requested rates for her work must be modified, to factor in her overall legal experience (applying the OSM rate chart)[3] against her somewhat limited, but growing, experience litigating in the Vaccine Program. Thus, the work performed by Ms. Haber shall be compensated at the following rates:

| **Ms. Anna Haber** | |
| --- | --- |
| **2016** | $300 |
| **2017** | $307 |
| **2018** | $317 |
| **2019** | $324 |
| **2020** | $337 |

These adjustments result in a reduction of total fees to be awarded by the amount of $3,391.10.

C. *Hourly Rates for Ms. Roman & Mr. Voytas*

Ms. Rachel Roman has approximately fourteen years of legal experience, and has spent her entire career litigating medical malpractice claims. Affidavit at 2. Mr. Rick Voytas was an associate at Zevan Davidson Roman, LLC before starting his own practice, and has approximately fifteen years of legal experience. *Id.* Neither Ms. Roman nor Mr. Voytas are barred in the Court of Federal Claims, however.

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice before the Court, and thus a non-admitted attorney cannot generally recover attorney's fees. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). At best, non-admitted attorneys

---

[3] OSM Hourly Rate Chart, http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last visited Nov. 17, 2020).

may be compensated for work on a Program case, but only at a rate consistent with that of a non-attorney, supportive role, akin to a paralegal.[4] *See Pearson v. Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role)); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and non-admitted attorneys practicing in the Vaccine Program). But work performed by a non-admitted attorney in preparing a Vaccine Program case for filing (and hence before its actual initiation) *can* be compensated at the attorney's normal rate, subject to the same reasonableness considerations that apply in calculating any fees award. *See Pearson*, 2019 WL 7167552, at *4 (citing *Avila v. Sec'y of Health & Hum. Servs.*, No. 14-605V, 2016 WL 6995372, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016)); *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689, at *14 (Fed. Cl. Spec. Mstr. May 13, 2014).

Though Ms. Roman and Mr. Voytas are not admitted to the Court, and are therefore not entitled to fee schedule rates by default, neither was involved in the matter *after* the Petition was filed. *See* Ex. 2. Thus, they may be compensated at an attorney rate commensurate with what they would be paid in St. Louis for comparable work, which results in a compensation calculation similar to that which would be available under the fees schedule if they were admitted to the Court. *See Barrett*, 2014 WL 2505689, at *14. I accordingly find that all pre-filing work performed by Ms. Roman in 2015, and Mr. Voytas in 2016 (a total of 9.7 hours), shall be compensated at the same rate of $300 per hour. This adjustment results in a total reduction of $679.

The rates requested for other paralegal time billed to this matter is appropriate and shall not be modified.

In light of all the aforementioned reductions—an amount totaling $4,070.10—I find that the attorneys and staff of Zevan Davidson Roman, LLC are entitled to an award of attorney's fees in the amount of $23,172.60.

## III.   Calculation of Attorney Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992).

---

[4] This approach has similarly been applied by the District Court of the District of Columbia under its own fees matrix, in instances where attorneys not admitted to the D.C. Bar litigated claims brought under the Individuals with Disabilities Education Act. *See, e.g.*, *Yodie v. D.C. Public Schools et al.*, 823 F. Supp. 2d 1, 11–12 (D.D.C. 2011); *Irving v. D.C. Public Schools et al.*, 815 F. Supp. 2d 119, 132–33 (D.D.C. 2011).

Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $16,427.35 in costs incurred since the claim's filing, including medical record retrieval, expert fees, and mailing expenses. Fees App. at 2; Ex. 3. Although these kinds of costs are typical in Program cases, some adjustments are necessary.

First, Petitioner seeks reimbursement of expert fees for consulting work performed by Dr. Chitra Venkatasubramanian, at a rate of $600 per hour plus $200 per page of her 14-page written report. Dr. Chitra Venkatasubramanian Curriculum Vitae, filed as Ex. 4 on June 2, 2020 (ECF No. 45-4); Expert Costs Invoice, filed as Ex. 5 on Oct. 20, 2020 (ECF No. 48-1). $600 per hour, however, is too high for Dr. Venkatasubramanian. She has never before offered an expert opinion in the Vaccine Program, and at present even the most experienced of Program experts are awarded only between $450 and $550 per hour. Petitioner also has failed to substantiate why such a high rate is justified—for example, by offering evidence of the degree to which Dr. Venkatasubramian's services are in demand, or even proposing other federal decisions awarding her the same rate. Though I am amenable in the future to increasing the hourly rate paid to Dr. Venkatasubramanian should she continue to perform expert witness services in the Program, I do not find that the rate she has requested is appropriate *for this case*. Accordingly, I will instead award Dr. Venkatasubramanian $**400.00** per hour for work performed in this matter.

Second, the $200 per page charge, on top of the hourly rate charged by Dr. Venkatasubramanian in preparing her expert report, is not compensable. I know of no Program case in which an expert received a page surcharge in addition to compensation for hourly work preparing the written report, and cannot otherwise conceive of why such a billing approach would be justified, since the hourly rate charge adequately compensates an expert for the time invested in a case (including drafting any written materials). To act otherwise would result in an inappropriate windfall. I do not otherwise find any of the time billed by Dr. Venkatasubramanian objectionable, however, and Respondent has not objected to any other aspects of this cost element. Therefore, Dr. Venkatasubramanian will be compensated for the full time she has billed at the aforementioned rate, of $400 per hour, but with no per-page surcharge, and the total deduction for this cost element is **$4,600.00.**

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$34,999.95**—representing $23,172.60 in attorney's fees and $11,827.35 in costs—in the form of a check payable to Petitioner and Petitioner's counsel, Zevan Davidson Roman, LLC.

|  | **Requested** | **Awarded** | **Difference** |
|---|---|---|---|
| **Mr. David Zevan, Esq.** | $391.00 | $391.00 | $0.00 |
| **Ms. Anna Haber, Esq.** | $19,753.00 | $16,361.90 | $3,391.10 |
| **Ms. Rachel Roman, Esq.** | $1,221.00 | $990.00 | $231.00 |
| **Mr. Rick Voytas, Esq.** | $2,368.00 | $1,920.00 | $448.00 |
| **Paralegal** | $3,509.70 | $3,509.70 | $0.00 |
| **Costs** | $16,427.35 | $11,827.35 | $4,600.00 |
| **Totals** | **$43,670.05** | **$34,999.95** | **$8,670.10** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.